UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANOLO REYES,<br><br>Defendant. | No. 2:12-cr-00187-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Manolo Reyes's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 123.) The Government filed an opposition. (ECF No. 128.) Defendant filed a reply. (ECF No. 130.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2015, Defendant pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and to dealing firearms without a license in violation of 18 U.S.C. § 924(a)(1). (ECF No. 105.) On August 13, 2015, the Court sentenced Defendant to a 168-month term of imprisonment to be followed by a 60-month term of supervised release. (ECF No. 116.) Defendant is currently serving his sentence at USP Terre Haute, Indiana. His projected release date is August 7, 2024 after application of good conduct time.[1]

On March 5, 2021, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 123.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.*) Defendant is 39 years old and claims he is at elevated risk for severe complications from COVID-19 because he suffers from multiple health issues, including diabetes, hypertension, hyperlipidemia, and obesity. (*Id.*) Defendant also notes that he is a former heavy smoker, which is an additional factor in his vulnerability. (*Id.*)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

---

[1] Defendant notes that he has served approximately 75% of his sentence. (ECF No. 123 at 9.) The Government maintains Defendant has served 95 months of his 168-sentence of imprisonment (ECF No. 128 at 4), citing BOP Public Information Inmate Data which curiously state that Defendant has served 8 years, 11 months, and 3 days (or approximately 107 months) of his sentence. (ECF No. 128-1 at 4). Even assuming that Defendant has served 107 months, his motion is denied for the reasons set forth herein.

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on September 25, 2020. (ECF No. 123 at 9.) The warden denied Defendant's request on November 18, 2020. (*Id.* at 10.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant maintains he has three of the documented conditions — type 2 diabetes, obesity, and smoking — identified by the Centers for Disease Control and Prevention as high-risk factors for COVID-19 complications. (ECF No. 123 at 19); *see generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited April 26, 2021). BOP medical records — filed under seal — indicate Defendant is obese and is currently being treated for hypertension (benign essential), hyperlipidemia (unspecified), and prediabetes. (ECF No. 128 at 4.) Medical records also indicate Defendant has already contracted and recovered from COVID-19 with no apparent symptoms or complications. (*Id.*) However, despite Defendant's medical conditions, it bears mentioning there is currently only one active inmate case of COVID-19 at Defendant's facility. Federal Bureau of Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited April 27, 2021). As such, Defendant's arguments about COVID-19 are arguably too speculative at this time. Further, it appears Defendant is capable of managing his medical conditions and the BOP has provided Defendant with adequate care thus far.

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement, the Court nonetheless denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

### C. Continuing Danger

To be eligible for compassionate release prior to the First Step Act, Defendant was required to demonstrate he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Ninth Circuit recently clarified, "[t]his dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but [it] is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2)." *Aruda*, 2021 WL 1307884, at *2. The Court considers Defendant's dangerousness to be a relevant factor in the instant case.

Defendant contends much of his criminal history occurred when he was younger than 25 years old and therefore "a substantial portion is mitigated due to his reduced moral culpability stemming from youth, immaturity, and incomplete brain development." (ECF No. 123 at 20.) Defendant also notes he has "upgraded educationally while incarcerated, completed self-help programs, enhanced his job skills, and achieved a high degree of rehabilitation." (*Id.*; *see also* ECF No. 130 at 6–7.) Defendant maintains he has also "completely disassociated himself from gangs" and "has been disciplinary free now for over two years." (ECF No. 123 at 21, 26.)

In opposition, the Government argues Defendant poses a danger to the community, as he "sold a significant amount of methamphetamine and firearms to a [confidential informant]." (ECF No. 128 at 13.) Defendant conducted ten transactions with the informant over five months and committed the instant crimes while on state probation, which the Government suggests means Defendant would have continued to commit these crimes had he not been arrested. (*Id.*) Finally, the Government notes that while in the custody of county jail and BOP, Defendant has assaulted other inmates and incurred disciplinary infractions which has resulted in the loss of good time credits. (*Id.* at 14.)

The Court finds the Government's argument persuasive. Defendant's crimes of conviction were conspiracy to distribute methamphetamine and dealing firearms without a license. The total amount of methamphetamine (actual) was 161.3 grams, which was sold along with several firearms and ammunition. (ECF No. 113 at 10–11.) The presentencing report ("PSR") indicates that Defendant has an extensive criminal history that began at a young age. (*Id.* at 5.) Relevant to the instant motion, the PSR notes Defendant was previously on county probation numerous times and violated the terms of his probation when he committed the instant crimes. (*Id.*) Defendant also incurred several disciplinary infractions while in custody awaiting sentencing. (*Id.*) While the Court commends Defendant's efforts to rehabilitate himself while in prison, those efforts do not persuade the Court that Defendant no longer poses a danger to the community. Based on the circumstances of the offense, Defendant's criminal activity, disciplinary history in prison, and substance abuse problems, Defendant fails to demonstrate he is not a continuing danger to the community.

### D. Section 3553(a) Factors

Finally, the Court must consider the § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Based on the most liberal estimate presented by the parties' briefings, Defendant has served approximately 107 months of his 168-month term of imprisonment. The applicable guidelines range at sentencing was 168–210 months of imprisonment. As such, Defendant is seeking a reduction from a low-end, 168-month sentence to a 107-month sentence. Defendant fails to persuade the Court that the § 3553(a) factors support

such a reduced sentence, and the Court declines to drastically reduce Defendant's well-supported, low-end, 168-month sentence of imprisonment.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 123.)

IT IS SO ORDERED.

DATED: April 27, 2021

Troy L. Nunley
United States District Judge