UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANOLO REYES,<br><br>Defendant. | No. 2:12-cr-00187-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Manolo Reyes's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 137.)  The Government filed an opposition.  (ECF No. 143.)  Defendant filed a reply.  (ECF No. 144.)  For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2015, Defendant pleaded guilty to two counts of an eight-count Indictment.  (ECF No. 105.)  Count One charged Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF No. 18.)  Count Six charged Dealing Firearms without a License in violation of 18 U.S.C. § 924(a)(1).  (*Id.*)

The applicable guideline range at sentencing was 168 to 210 months in prison based on Defendant's total offense level of 31 and criminal history category of V.  (ECF No. 113 at 25.)  In the presentence report, the probation officer recommended a high-end, 210-month term of imprisonment due to: (1) Defendant's lengthy criminal history; (2) the serious nature and circumstances of the offenses, which involved Defendant selling a large amount of methamphetamine and firearms; (3) Defendant's status on county probation at the time of the instant offenses; and (4) Defendant's assaults of other inmates and other disciplinary infractions while awaiting sentencing.  (*Id.* at 25–26.)  On August 13, 2015, the Court sentenced Defendant to a low-end, 168-month term of imprisonment as contemplated in the parties' plea agreement, to be followed by a 60-month term of supervised release.  (ECF No. 117.)

On March 7, 2024, Defendant filed the instant motion to reduce his sentence based on Amendment 821, which became effective in November 2023 and amended the Sentencing Guideline's "status point" provision.  (ECF No. 137 at 3 (citing U.S.S.G. § 4A1.1(e) (2023).)  The amended status point provision, U.S.S.G. § 4A1.1(e) ("§ 4A1.1(e)"), provides that defendants who received eight criminal history points based on prior criminal convictions, now receive one, rather than two status criminal history points.  The amended provision applies retroactively.  U.S.S.G. § 1B1.10(d).

The parties agree that, applied to this case, § 4A1.1(e) reduces Defendant's criminal history score from ten to nine, his criminal history category from V to IV, and his guideline range from 168–210 months in prison to 151–188 months in prison.  (ECF No. 137 at 3; ECF No. 143 at 2.)  Defendant has served approximately 145 months in custody, and his projected release date with good conduct time is October 1, 2024.  (ECF No. 143-1 at 4.)  In the instant motion, Defendant requests the Court reduce his sentence to time served.  (ECF No. 137 at 7.)

## II. STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range. *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case. *Id.*

## III. ANALYSIS

As a threshold matter, the parties do not dispute that step one is met because Amendment 821 lowered Defendant's guideline range from 168–210 months in prison to 151–188 months in prison. (ECF No. 137 at 3; ECF No. 143 at 2.) Instead, the parties only dispute whether the Court should exercise its discretion to grant a reduction to time served. Therefore, the Court only addresses the parties' arguments as to step two.

Defendant argues a time-served sentence is warranted under § 3553(a). (ECF No. 137 at 6.) Defendant acknowledges his offenses were serious but argues he has built a "remarkable record of rehabilitation" since he entered custody. (*Id.*) Defendant details his accomplishments while in custody, such as completing the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP"), completing various self-improvement courses, and successfully holding several jobs. (*Id.*) Defendant also emphasizes he is currently at a halfway house and works 40 hours a week at "Block by Block," a cleaning and maintenance company. (*Id.* at 7.) Defendant indicates he has a car, has enough money to live in an apartment, and has completely dissociated himself from gangs. (*Id.*) Defendant also filed a memorandum from GEO Reentry Services, confirming that he has done well at the halfway house. (ECF No. 142 at 3.)

In opposition, the Government argues the seriousness of the offense — namely, the volume of drugs and firearms Defendant sold, the dangerous nature of those items, and Defendant's significant level of involvement — continues to justify a 168-month term of imprisonment. (ECF No. 143 at 9.) The Government also argues Defendant's history and characteristics weigh against a sentence reduction because Defendant has engaged in unlawful activity since the age of 15 and sustained six disciplinary actions since entering custody. (*Id.*) The Government emphasizes that Defendant used narcotics as recently as October 2023, soon after he was released from prison to the halfway house. (*Id.*) The Government further emphasizes that four of Defendant's six disciplinary incidents are classified as 100 level offenses, which are the "greatest" severity level according to the BOP's classification system. (*Id.* at 10.) The Government lists Defendant's disciplinary incidents as follows:

(1) October 11, 2023: Use of Drugs or Alcohol (rated 112 level offense)

(2) January 25, 2019: Possessing Drugs/Alcohol (rated 113 level offense)

(3) November 17, 2018: Fighting with another person (rated 201 level offense)

(4) August 28, 2018: Possessing Drugs/Alcohol (rated 113 level offense)

(5) May 25, 2017: Destroy/Dispose of Item-Search (rated 115 level offense)

(6) January 2, 2017: Refusing to obey an order (rated 307 level offense)

(*Id.* at 6.) The Government argues Defendant's disciplinary record offsets his efforts at rehabilitation. (*Id.* at 10.) Lastly, the Government argues the other § 3553(a) factors do not support a time-served sentence and such a sentence would send the wrong message to Defendant, other inmates, and the public at large. (*Id.*)

The Court agrees with Defendant that a sentence reduction is justified under § 3553(a) factors. In 2015, the Court sentenced Defendant to what was then a low-end, 168-month sentence, even after considering the serious nature of the offenses and Defendant's lengthy criminal history and disciplinary issues. Defendant's 168-month sentence now falls in the middle of the amended guideline range. The only new arguments from the Government relate to Defendant's disciplinary record while in custody. However, the Court concludes that Defendant's disciplinary record, without more, does not call for a mid-range sentence. At

sentencing, the Court acknowledged that Defendant has serious drug and/or alcohol addiction issues. (ECF No. 121 at 9.) While Defendant continued to struggle with addiction while in custody, he has taken significant positive steps toward self-improvement during that time, including completing the RDAP program and disassociating with gangs. In addition, Defendant has demonstrated his commitment to his rehabilitation and reintegrating himself into society by maintaining a job and supporting himself. As such, Defendant no longer appears to be a danger to the community, and Defendant's commendable rehabilitation efforts, along with the other § 3553(a) factors, support a sentence reduction.

Accordingly, the Court GRANTS Defendant's motion and reduces his sentence of imprisonment to a low-end, 151-month term or time served, whichever is greater.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 137.) The Court finds that Defendant is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history category from V to IV. Defendant's resulting guideline range with an unchanged offense level 31 reduces from 168–210 months in prison to 151–188 months in prison.

IT IS HEREBY ORDERED that Defendant's term of imprisonment imposed in August 2015 is reduced to a term of 151 months or time served, whichever is greater, as of the effective date of the Court's order. The effective date of this Order is stayed for 10 days from the date of the amended judgment to provide time for the United States Bureau of Prisons to receive the amended judgment and perform the requisite safety and background checks and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office. Unless otherwise ordered, Defendant shall report to the United States Probation Office within seventy-two (72) hours after his release.

///

1       IT IS SO ORDERED.

2 Date: April 23, 2024

                                                Troy L. Nunley
                                                United States District Judge

6