1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,

12                Plaintiff,                    No. 2:12-cr-00187-TLN

13

14          v.

15    MANOLO REYES,                             **ORDER**

16                Defendant.

17

18

19          This matter is before the Court on Defendant Manolo Reyes's ("Defendant") Request to

20    Terminate Supervised Release.  (ECF No. 147.)  The Government filed a Statement of Non-

21    Opposition.  (ECF No. 151.)  For the following reasons, the Court GRANTS Defendant's motion.

22          On January 15, 2015, Defendant pleaded guilty to Counts One and Six of an eight-count

23    Indictment.  (ECF No. 105.)  Count One charged conspiracy to distribute methamphetamine in

24    violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF No. 18.)  Count Six charged dealing firearms

25    without a license in violation of 18 U.S.C. § 922(a)(1).  (*Id.*)  On August 13, 2015, the Court

26    sentenced Defendant to a 168-month term of imprisonment to be followed by a 60-month term of

27    supervised release.  (ECF No. 116.)  On April 23, 2024, the Court granted Defendant's Motion to

28    Reduce Sentence, reducing Defendant's term of imprisonment to the greater of 151 months or

                                              1

time served.  (ECF No. 145.)  Defendant's 60-month term of supervised release remained

unchanged.  (*Id.* at 5.)  Defendant's term of supervised release began on April 25, 2024.  (ECF

No. 147 at 1.)  As of the date of this order, Defendant has served approximately 15 months of his

60-month term of supervised release.

       "The correct legal standard for deciding a motion to terminate supervised release is set

forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The

statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. §

3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice.'"  *Id.* (quoting 18

U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of

supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

       Defendant requests early termination of supervised release based on his good conduct on

supervised release and demonstrated commitment to rehabilitation and reintegration into society.

(ECF No. 147 at 4.)  Since his release, Defendant has obtained and maintained employment at a

steel fabrication company.  (*Id.* at 4.)  Defendant plans to seek future employment as a truck

driver which would require him to drive to other states, and relieving Defendant from the terms

and conditions of supervised release would support this endeavor.  (*Id.* at 4–5.)  Defendant has

fully complied with the terms of his supervised release and has never submitted a positive drug

test.  (*Id.* at 4.)  Defendant's Probation Officer and the Government do not oppose this request.

(*Id.*; ECF No. 151.)  Based on the Government's non-opposition and Defendant's exemplary

conduct while on supervised release, the Court finds Defendant has met his burden to show that

early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e).  *Emmett*,

749 F.3d at 819.

       Accordingly, Defendant's Motion for Early Termination of Supervised Release is hereby

GRANTED.  (ECF No. 147.)

//

//

//

1          IT IS SO ORDERED.

2    Date: July 29, 2025

3                                    _____

4                                    TROY L. NUNLEY
                                     CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28